UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE KING, | ) | Case No.: 1:19 CV 1449 |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| CUYAHOGA COUNTY JAIL, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Tyrone King filed this action against the Cuyahoga County Jail and Cuyahoga County. In the Complaint, Plaintiff objects to the conditions of confinement in the Cuyahoga County Jail. He seeks monetary relief.

## Background

Plaintiff was arrested on January 1, 2018[1] and was detained in the Cuyahoga County Jail pending trial. He states he asked for mental health services and did not receive them for six months. He contends cells designed for one man are housing two men, with the second man sleeping on the floor on a mat. Other inmates are sleeping on the floor in the day room. He states the showers have used soap and black mold on the walls. He indicates the inmates were put on red zone every day and were allowed out of their cells from 8:00 a.m. until 10:00 a.m. and again from 6:30 p.m. until a later

---

[1] Plaintiff does not indicate the year he was arrested; however, Cuyahoga County Common Pleas Court records indicate his arrest was in 2018.

time in the evening. He states that his cellmate was a convicted murderer, prompting him to sleep with one eye open. Plaintiff also alleges he is hypoglycemic. He contends the food served was inadequate and the trays were not clean. He states he is indigent and unable to buy food at the commissary so he saved a little food from each meal. He indicates each night jail employees would take the food away, leaving him to suffer the effects of low blood sugar. He does not specify a cause of action but requests $ 4,000,000.00 for living in unhealthy conditions and for pain and suffering.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions,

2

and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, the Cuyahoga County Jail is not a proper Defendant because it is not *sui juris*, meaning that under Ohio law, it is not a legal entity that is capable of suing or being sued. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014). It is merely a subunit of the municipality that operates it, in this case Cuyahoga County.

Plaintiff cannot sue a local government entity under § 1983 on the theory of *respondeat superior* liability. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 692-94 (1978). A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. The United States

Court of Appeals for the Sixth Circuit has held that a Plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: " '(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.' " *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015) ). To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff does not identify a particular policy or custom of Cuyahoga County, nor does he allege he suffered an injury that was caused by that policy.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

October 31, 2019

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

4